**COURT OF APPEALS
DECISION
DATED AND FILED**

**February 10, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.  2021AP1633**

**STATE OF WISCONSIN**

Cir. Ct. No.  2016SC6915

**IN COURT OF APPEALS
DISTRICT IV**

KREKELER STROTHER SC,

    PLAINTIFF-RESPONDENT,

  V.

VERONIKA MCCARTHY,

    DEFENDANT,

FRANK P. GAURA,

    DEFENDANT-APPELLANT.

        APPEAL from a judgment of the circuit court for Dane County: JUAN B. COLÁS, Judge. *Affirmed.*

¶1 KLOPPENBURG, J.[1] The circuit court entered a money judgment in a small claims case in favor of creditor Krekeler Strother, S.C. and against debtors Frank Gaura and Veronika McCarthy, after Gaura and McCarthy failed to make timely payments under a stipulation and settlement agreement (agreement). Gaura appeals, arguing that the court erred in awarding pre-agreement interest, awarding post-hearing attorney fees, considering post-hearing affidavits filed by Krekeler, and rejecting Gaura's "equitable arguments" in favor of a reduced judgment. I reject Gaura's arguments as refuted by the record and, therefore, affirm.

## BACKGROUND

¶2 Krekeler commenced this action by filing a small claims complaint in November 2016, seeking a money judgment against McCarthy for services rendered and to enforce the personal guaranty by Gaura of McCarthy's account with Krekeler. The complaint alleged that Gaura and McCarthy had failed to pay for those services and were in default as of November 2010. The complaint sought the principal amount due plus prejudgment interest since 2010 and costs and attorney fees as allowed by law.

¶3 The parties entered into an agreement in February 2018 which, among other terms, set a monthly payment schedule, provided that no additional interest would accrue so long as the payments were made, and provided for dismissal of the action. The agreement also provided that, if Gaura and McCarthy failed to comply with the payment schedule, Krekeler was entitled to reopen the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

2

action and seek a money judgment that would include "retroactive" interest and post-default attorney fees and costs. The agreement further provided that it could be amended only in writing.

¶4     Gaura and McCarthy ceased making payments in November 2020, and Krekeler moved to reopen the case and for a default judgment. Gaura objected and the circuit court held a hearing on the motion. At the conclusion of the hearing, the court granted the motion and ordered that judgment be entered in favor of Krekeler. The court directed Krekeler's counsel to prepare a proposed judgment that properly calculated interest and costs. Counsel filed a proposed judgment along with affidavits supporting the itemized amounts comprising the proposed judgment.

¶5     Gaura filed a letter objecting to the proposed judgment, which the circuit court construed as a request for another hearing. The court denied the request, explaining that Gaura did not make particularized objections supported by citations to the record showing that the proposed judgment was inconsistent with either the agreement or the court's ruling.

¶6     The court entered judgment consistent with the proposed judgment.[2]

¶7     Gaura appeals.[3]

---

[2] The final judgment entered by the circuit court was an amended judgment that added language that does not matter to the issues on appeal.

[3] McCarthy did not appear at the hearing and did not sign any of the post-hearing submissions filed by Gaura in the circuit court. McCarthy also does not appear as an appellant. Accordingly, in the remainder of this opinion I will refer solely to Gaura.

**DISCUSSION**

¶8      Gaura does not challenge the circuit court's decision granting Krekeler's motion to reopen, in that he does not oppose the circuit court's findings that it was undisputed that payments under the agreement ceased and that the agreement was not modified.  Nor does Gaura argue that Krekeler was not entitled to any judgment as a result of the default.  Rather, Gaura challenges the inclusion of several of the itemized amounts in the judgment that was entered.  Specifically, he argues that the court erred in awarding pre-agreement interest, awarding post-hearing attorney fees, and considering the post-hearing affidavits filed by Krekeler.  Gaura also argues that the circuit court erred in rejecting without explanation his "equitable arguments" in favor of a reduced judgment.  As I explain, each argument fails because it is premised on a fundamental misunderstanding of the record.  I first provide additional background and then address each argument in turn.

A.  Additional Background

¶9      In the November 2016 complaint, Krekeler alleged that Gaura was in default as of November 24, 2010, and sought judgment for the sum of the principal of $3,465.48; prejudgment interest in the amount of $1,053.83 from November 24, 2010 through December 22, 2016; and costs and attorney fees as allowed by law.

¶10      In the 2018 agreement, the parties agreed to payment of "the sum of $3465.48 plus interest in the amount of $1258.43 [from November 24, 2010 through February 26, 2018], costs of $259.30 for a total amount due and owing of $4983.21, plus interest accruing at the rate of $.4747 per day after February 26, 2018, until this Settlement Agreement and the stipulation are signed."  The agreement documents were signed on February 27, 2018.

4

¶11     The agreement established a payment schedule of $50.00 per month and provided that no further interest would accrue once the agreement was signed so long as the monthly payments were made.  The agreement also stated:

> In the event of default, [Krekeler] shall be entitled to retain the payments received, pursuant to this Settlement Agreement and Stipulation, and to retroactively apply interest or other charges to which it may be lawfully entitled, as well as all actual attorney's fees and costs after default.

¶12     The agreement further stated that, if the monthly payments were not made or any other terms of the agreement were violated,

> [Krekeler] shall be entitled to entry of a money judgment in accordance with the original Complaint, plus interest thereon, plus actual attorney's fees and costs after default but with a credit to [Gaura] for any and all payments made hereunder.

¶13     After the payments ceased under the agreement and Krekeler moved to reopen the case and for a default judgment, the circuit court entered the 2021 judgment, which contains the following itemized amounts:

| | |
|---|---|
| Amount of Judgment: | $ 3,465.48 |
| Interest: | 1,855.59 |
| Attorney Fees: | 3,226.11 |
| Service Fee: | 174.50 |
| Other costs: | - 1,588.00 |
| [the payments made under the agreement] | |
| Total Money Judgment: | $ 7,133.68 |

## B.  Interest

¶14     Gaura argues that the circuit court erred in including interest of $1,855.59 in the judgment.  In his appellant's brief, he argues that this amount

"double-count[ed]" the $1,258.43 of pre-agreement interest (for the period 2010-2018) itemized in the agreement. This argument is premised on Gaura's mistaken belief that the judgment added interest of $1,855.59 (which incorporated $1,258.43 of pre-agreement interest) to the total amount of the *agreement*, which, as stated above, was $4,983.21. Gaura argues that because the total amount of the agreement already included the $1,258.43 of pre-agreement interest, and the circuit court added $1,855.59 of interest to that amount, the judgment counted the pre-agreement interest twice. However, the judgment clearly denominated the $3,465.48 as the principal to which the total interest of $1,855.59 was to be added. Similarly, the complaint and agreement both started with $3,465.48 as the principal amount owed to which interest was to be added. Thus, the $1,258.40 of pre-agreement interest was properly included in the interest itemized in the judgment, and there was no "double-counting."[4]

¶15    In his reply brief, Gaura clarifies that what he actually argued to the circuit court, and again argues on appeal, is that the amount of $1,855.59 in interest improperly included the pre-agreement interest itemized in the agreement because Krekeler was not entitled to the pre-agreement interest upon default. This argument proceeds as follows: (1) the complaint designated interest from 2010 to 2016 as "prejudgment" interest, not "retroactive" interest; (2) the agreement entitled Krekeler only to "retroactive" interest from 2018 as a result of Gaura's default; (3) therefore, the agreement excluded all "prejudgment" interest prior to the agreement (all pre-agreement interest). This argument is incorrect because the

_____

[4] Gaura makes the same double-counting argument as to the service fee. However, the service fee was added to the $3,465.48 principal in both the agreement and in the judgment, in the same manner as the interest was added to that principal in both documents. Hence, the service fee was not "double-counted."

agreement entitled Krekeler not only to retroactive interest from 2018 to 2020 (corresponding to the time of Gaura's payments when no additional interest was accruing), but to all prejudgment interest on the judgment as sought in the complaint, from 2010 to entry of the 2021 judgment.

¶16    Gaura seems to be arguing that the agreement entitled Krekeler only to "retroactive" interest, which Gaura takes to mean the interest that did not accrue from 2018 to 2020 when Gaura was making the monthly payments, plus the prejudgment interest from the 2020 default to the 2021 judgment.    However, Gaura provides no evidence or authority, in the record or the agreement or the law, that eliminated the prejudgment interest sought in the complaint from initial default in 2010 to final judgment in 2021, or that limited interest only to the sum of the retroactive interest from 2018 to Gaura's default in 2020 plus the prejudgment interest from the 2020 default to the entry of the 2021 judgment.

¶17    Gaura asserts that the inclusion in the judgment of the pre-agreement interest was contrary to the circuit court's ruling at the hearing.  Specifically, the court stated that "judgment cannot include retroactive interest from before the date of the settlement agreement.  In other words, the starting point is that starting balance in the settlement agreement, which already incorporated all the interest from 2010 to 2016 [sic]."  As explained above, the 2021 judgment maintained the same breakdown, of principal and interest, as the agreement; the only difference was that the interest in the judgment was the total prejudgment interest as of the date of entry of the 2021 judgment, comprising the sum of the pre-agreement interest from 2010 to 2018, the retroactive interest from 2018 to 2020 that did not accrue while Gaura made the monthly payments, and the prejudgment interest from 2020 to the date of the 2021 judgment.  A careful reading of the transcript establishes that the circuit court only sought to ensure that the pre-agreement

7

interest was not included twice in the judgment; as explained above, it was not.[5] There is nothing in the transcript that indicates that the court intended to relieve Gaura from paying *all* of the prejudgment interest sought by Krekeler, or any other component of the judgment to which Krekeler was entitled under the agreement. To the contrary, as explained in section E. below, the court expressly rejected Gaura's equitable arguments seeking just that relief.

## C. Attorney Fees

¶18 Gaura argues that the circuit court erred in including "post-hearing" attorney fees in the judgment. The record establishes that Krekeler incurred the fees when preparing the proposed judgment and supporting documentation as directed by the circuit court in order to ensure that no interest or costs are double-counted (not, as stated by Gaura, in support of a motion for reconsideration). While Gaura argues that the circuit court did not explain why the judgment includes attorney fees, no explanation was necessary because the agreement provided that, in the event of default, Krekeler would be entitled to its actual attorney fees, and the court was simply enforcing the agreement to which the parties were bound.

¶19 Gaura does not point to any basis in the record for asserting that the amount in the judgment did not correspond to Krekeler's actual attorney fees. Rather, he argues that the attorney fees were unwarranted because Krekeler incurred the post-hearing attorney fees due to "confusion" created by Krekeler. However, it was Gaura who raised the double-counting issue at the hearing, which

---

[5] For the same reasons, there is no merit to Gaura's assertion that the inclusion in the judgment of the pre-agreement interest was contrary to Krekeler's pre-hearing submissions.

prompted the circuit court to direct Krekeler to ensure that the proposed judgment did not include any double-counting. Gaura does not persuasively argue that it was unreasonable for Krekeler to incur additional attorney fees in providing documentation to show the court that the proposed judgment did not include any double-counting as directed.

¶20 Finally, Gaura argues that the attorney fees should have been reduced in the interest of fairness. His fairness argument is based on the faulty premise that the circuit court intended to reduce the judgment based on Gaura's double-counting argument at the hearing. As explained above, the record establishes that the court did no such thing; instead the court directed Krekeler to ensure that the judgment did not include any double-counting, and it did not.

### D. Affidavits

¶21 Gaura argues that the circuit court erred in accepting Krekeler's post-hearing affidavits. He argues that those affidavits were essentially a motion to reconsider unsupported by any showing of newly discovered evidence or manifest error of law or fact. However, as explained above, the court made no ruling that Krekeler sought to reconsider; rather, Krekeler submitted the affidavits to document the amounts in the proposed judgment, consistent with the court's directive that the proposed judgment not include any double-counting.

### E. Equitable Arguments

¶22 Gaura argues that the circuit court erred in rejecting his equitable arguments without explanation. Gaura clarifies that he sought not "absolution from the agreement" but "an order that would factor in the loss of his entire household's income during the COVID-19 pandemic," by, for example, not

9

awarding interest before 2020, as he argued to the circuit court, or not awarding attorney fees, as he argues on appeal. The record establishes that the circuit court did consider Gaura's equitable arguments and explain, expressly and implicitly, why it rejected them.

¶23    The circuit court began the hearing by establishing that it was undisputed that there was no written modification of the agreement and that Gaura had ceased making payments under the terms of the agreement. The court next turned to Gaura's arguments as to the calculation of the judgment to which Krekeler was entitled under the agreement. The court then heard Gaura's equitable arguments. Gaura explained to the court that he lost his job in May 2020 due to the pandemic, made payments under the agreement until October 2020, and found a new job in March 2021. Gaura argued that the pandemic-related loss of income was beyond his control and rendered performance of the agreement impossible, and he asked that the court in fairness award Krekeler only interest from November 2020.

¶24    The circuit court responded that the pandemic and Gaura's job loss did not excuse him from the debt or from performance under the agreement that he signed. The court explained that Gaura had not presented any evidence, including his efforts to find a new job, what he was qualified to do, or what his assets were, to justify excusing him from his debt or from performance under the agreement that he signed. When the parties subsequently brought up their unsuccessful efforts to reach a new agreement, the court reiterated that it was undisputed that the agreement had not been modified, implicitly indicating that the court was not authorized to order terms inconsistent with the agreement.

¶25    It is clear that Gaura disagrees with the circuit court's rejection of his equitable arguments, but the record refutes his argument that the court did so without explanation.  As summarized above, the record establishes that the court explained, both expressly and by reasonable inference, that Gaura was bound by the terms of the agreement that he made, that under the agreement he owed the full principal and all prejudgment interest, and that he presented no evidence to justify overriding the agreement on equitable grounds by excusing him from any part of the debt incurred since 2010.

## CONCLUSION

¶26    For the reasons stated, I reject Gaura's challenges to the judgment as refuted by the record and, therefore, affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

11